**RYAN T. O'CONNOR, OSB No. 053353**
O'Connor Weber LLC
1500 SW 1st Ave., Ste. 1090
Portland, OR 97201
(503) 226-0923
ryan@oconnorweber.com

**RICHARD L. WOLF, OSB No. 873719**
Richard L. Wolf PC
12940 NW Marina Way, Slip A
Portland, OR  97231
(503) 384-0910
richardlwolf@att.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
Portland Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>vs.<br><br>LORENZO LARON JONES,<br>        Defendant. | ) Case Nos. 19-cr-00333-MC-04<br>)<br>) Defendant's Sentencing Memorandum<br>)<br>) Sentencing April 24, 2023<br>) |

Defendant, Lorenzo Laron Jones, will appear before the Court on April 24, 2023, for a hearing on his motion for judgment of acquittal, motion new trial, and motion to dismiss Counts 1, 4, and 5, (ECF 547). If this Court denies those motions, then defendant will also appear for sentencing on April 24, 2023.

Defendant acknowledges that he is subject to a mandatory life sentence with life in prison. Congress has prohibited this Court from crafting an individual sentence for defendant that complies with the principles identified in 18 U.S.C. § 3553(a). A life-without-parole sentence violates the Eighth Amendment. *See Lockett v. Ohio*, 438 U.S. 586, 602-04 (1978) (individualized sentencing is required in death penalty cases and a sentencer must be able to give effect to mitigating circumstances). Life without parole, like the death penalty, is permanent. It guarantees that defendant will die in prison. It foreswears the potential for rehabilitation.

The Eight Amendment also guarantees a defendant's right not to be subject to excessive punishment. *Miller v. Alabama*, 567 U.S. 460, 469 (2012). Life without parole is disproportionately excessive and it violates the Eight Amendment in this case. The "evolving standards of decency that mark the progress of a maturing society" do no permit Congress to require a sentencing to judge to lock up a defendant and throw away the key without first taking into account defendant's personal characteristics and background, potential for rehabilitation, and the proportionality of the sentence. *See id*. (holding that mandatory life without parole for a juvenile violates the Eight Amendment).

Defendant is a 49-year-old man. He faced significant trauma as a child. He encountered racism, both structural and explicit, as a teenager growing up in

Seattle and in Portland. He unwittingly joined the Hoovers and as he got older the Hoovers provided him a feeling of community. He is a bright man, and a loving father. Defense counsel believes that Mr. Jones will become rehabilitated as he ages into his 50s and 60s and he will not be a danger to the community. A sentence that prevents defendant from any chance of release violates the Eight Amendment.

Another important proportionality factor here is the sentences that will be imposed on co-defendants who engaged in the same conduct for which defendant was convicted. His co-defendant in the Butler murder pleaded guilty to manslaughter in the Multnomah County Circuit Court and was sentenced to approximately 17 years in prison. Ex. E (McCool Judgment). The cooperating defendants who have admitted to murder have not yet been sentenced as far as defendant knows. According to their own testimony during trial, they are guilty of RICO conspiracy and VICAR murder. Because they cooperated against defendant, however, they almost certainly will not be sentenced to life in prison. Defendant, it appears, is punished with mandatory life for exercising his Sixth Amendment right to a jury trial. Because he chose to put the government to its proof he must die in prison while co-defendants who committed the same conduct will not. It is unconstitutional in violation of the Eight Amendment for that difference to determine whether this Court has discretion to impose a sentence less than life without parole.

Defendant respectfully asks the Court to grant him judgment of acquittal on Count 1, 4, and 5, to dismiss those counts, or to grant him a new trial on those counts. If this Court proceeds to sentencing, defendant asks the Court to find that mandatory-life-without-parole sentence violates the Eighth Amendment. He asks the Court to impose a term-of-years sentence that gives defendant a meaningful opportunity at life outside of prison.

Respectfully submitted on April 19, 2023, by

/s/ *Ryan T. O'Connor*
_____
Ryan T. O'Connor

/s/ *Richard Wolf*
_____
Richard Wolf

Attorneys for Defendant